Jasen, J.
(concurring). I concur in Judge Breitel’s opinion, but merely add the following to underscore my position in light of the dissenting opinions.
Plaintiff has been appointed guardian ad litem for the infant “ Roe ” and all similarly situated members of a class of unborn infants of less than 24 weeks’ gestation scheduled for abortion in public hospitals under the operation and control of the defendant. On this appeal, it is his contention that chapter 127 of the Laws of 1970, amending section, 125.05 (subd. 3) of the *204 Penal Law, violates the constitutional rights of his wards and that the child en ventre sa mere is a legal person protected by the Fifth and Fourteenth Amendments of the Federal Constitution and, as such, cannot be deprived of life without due process or denied the equal protection of New York’s laws. Respondents, on the other hand, urge that a fetus of less than 24 weeks’ gestation is not a legal person within thq constitutional protections.
To those, who contend, as- plaintiff does, that biological and legal “ life ” arise in their full.“ human ” sense at conception, the issue is settled. (See, e.g., Steinberg v. Brown, 321 F. Supp. 741 [N. D., Ohio]; Drinan, The Inviolability of the Right To Be Born, 17 Western Res. L. Rev. 465; Brown, Recent Statutes and the Crime of Abortion, 16 Loyola L. Rev. 275; Louisell, Abortion and Due Process, 16 U. C. L. A. L. Rev. 233; Noonan, The Constitutionality of the Regulation of Abortion) 21 Hastings L. J. 51.) On the other hand, to those whp regard conception as the creation of life of less-than-human status, the " controversy has merely begun.” (Sikora, Abortion: An Environmental Convenience or a Constitutional Right?, 1 Environmental Affairs [Boston College Law School Environmental Law Center] 469, 493 et seq.; People v. Belous, 71 Cal 2d 954, cert. den. 397 U. S. 915; cf. Doe v. Bolton, 319 F. Supp. 1048 [N. D., Ga.], jurisdiction postponed to hearing on the merits 402 U. S. 941; Roe v. Wade, 314 F. Supp. 1217 [N. D., Tex.], jurisdiction postponed to hearing on the merits 402 IT, S. 941; see Giannella, The Difficult Quest for a Truly Humane Abortion Law, 13 Vill. L. Rev. 257.) Thus, we are asked to choose, as a matter of law, between extreme positions and competing values that concededly may be metalegal, mindful of Justice Holmes’ admonition in his now vindicated dissent[1] in Lochner v. New York (198 U. S. 45, at p. 76) that the Constitution “is made for people of fundamentally differing views, and the accident of our finding certain opinions natural and familiar or novel and even shocking ought not to conclude our judgment upon the question whether statutes embodying them conflict with the Constitution of the United States.”
*205 As Judge Bbeitel’s opinion recognizes, the formidable task of resolving this issue is not for the courts. Bather, the extent to which fetal life should be protected “ is a value judgment not committed to the discretion of judges, but reposing instead in the representative branch of government. ’ ’ (Corkey v. Edwards, 322 F. Supp. 1248, 1253-1254; see, also, American Federation of Labor v. American Sash & Door Co., 335 U. S. 538, 557 [Frankfurter, J.]; cf. Clark, Religion, Morality, and Abortion: A Constitutional Appraisal, 2 Loyola [L. A.] L. Rev. 1.) Since the Constitution does not prohibit the determination made by the Legislature and there is a reasonable basis for it, the validity of the statute should be sustained. I would merely note that law is not unprincipled because it does not embrace all principles, and it would be a spiritless universe in which the law embraced all principles. This has been the teaching of western civilization and its great religions.